■ ROLF ZILVERSMIT et al., Respondents, v ORLI ETINGIN-SILVER et al., Appellants, et al., Defendants. [674 NYS2d 295] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about January 10, 1997, which, insofar as appealed from, denied defendants-appellants' motion for summary judgment dismissing such of plaintiffs' causes of action to recover for water damage to their apartment as were based on defendants' alleged negligent maintenance of their terrace drain and not otherwise dismissible as barred by the Statute of Limitations, unanimously affirmed, without costs.

To the extent defendants contend that they did not allow any dirt to obstruct the drain of their terrace, an issue of fact is raised by plaintiff's affidavit in which he states that he saw dirt surrounding and inside the drain on the occasions he inspected it. To the extent defendants contend that the water damage to plaintiffs' apartment was not caused by any failure on their part to keep the drain free of obstruction, but by a

combination of factors beyond their control and for which they were not responsible—i.e., the obstruction of the terrace drainage system by environmental dirt and scales of rust from inside the pipes, and defects in interior pipes connecting defendants' terrace drain to the building's drainage system and then crossing over plaintiffs' apartment—defendants failed to adduce evidence sufficient to rule out the possibility that the obstruction was at least in part caused by dirt from the flower pots and planters that defendants kept on their terrace, and that the intrusion of water into plaintiffs' apartment was caused by the percolation of standing water through defects in the terrace floor or drain. In this regard, the deposition testimony of defendants' expert plumber concerning environmental dirt and pipe scales was plainly surmise based on general knowledge; he did not testify that he directly observed the obstructing matter or that he could have ascertained the source of any dirt within the pipe if he had been able to see it. Nor do defendants explain why they should not be held responsible for keeping their terrace drain clean whatever the source of the dirt. Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.